# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Angela Robinson, ) | |
| ) | Civil Action No.: 0:17-cv-02240-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on October 17, 2018. (ECF No. 14.) The Report addresses Plaintiff Angela Robinson's ("Plaintiff") claim for supplemental security income ("SSI") and recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (*Id.* at 3, 7.) For the reasons stated herein, the court **ACCEPTS** the Report, incorporating in herein, and **AFFIRMS** the decision of the Commissioner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 14.) As brief background, Plaintiff filed an application for SSI in November 2013, which was denied initially and upon reconsideration. (*Id.* at 3.) After a hearing was held on July 19, 2016, an administrative law judge ("ALJ") determined, on August 10, 2016, that Plaintiff did not have "an impairment or combination of impairments that [met] or medically equal[ed] the severity of one of the listed impairments in [20 C.F.R. §§ 416.920(d), 416.925, and 416.926]." (ECF No. 9-2 at 25-26.) Additionally, the ALJ found that Plaintiff possessed the residual functional capacity ("RFC") "to perform sedentary work as defined in [20

1

C.F.R. § 967(a)." (*Id.* at 26.) Specifically, the ALJ opined that Plaintiff was "limited to occasionally balancing and stooping[,] but never kneeling, crouching and crawling"; could "occasionally climb[] ramps and stairs[,] but [could not climb] ladders, ropes or scaffolds"; and "should avoid concentrated exposure to machinery and heights." (*Id.*) After considering Plaintiff's RFC, age, education, and work experience, the ALJ determined that there were "jobs that exist in significant numbers in the national economy that [she could] perform." (*Id.* at 29-30.) On this basis, the ALJ denied SSI to Plaintiff because she was not disabled for purposes of the Social Security Act ("the Act"). (*Id.* at 30.)

Plaintiff's request for the Appeals Council ("the Council") to review the ALJ's decision was denied on July 17, 2017. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review of an ALJ's decision). Plaintiff filed the instant action on August 23, 2017, in order to reverse the Commissioner's decision. (ECF No. 1.)

In the Report, the Magistrate Judge reasoned that the ALJ "discussed the longitudinal record in detail" and observed Plaintiff's various methods of treatment. (ECF No. 14 at 6.) Additionally, the Magistrate Judge concluded that the ALJ "carefully considered opinion evidence, which consisted of opinions from two state agency reviewers and an orthopedic consultative examiner." (*Id.*) Most importantly, the Report noted that "unlike the ALJs in some cases relied upon by [Plaintiff], [the ALJ, in this case,] did not exclusively rely on the absence of objective medical evidence to evaluate [Plaintiff's] fibromyalgia." (*Id.* at 7.) The Report ultimately

recommended that the court affirm the Commissioner's decision because it was supported by substantial evidence. (*Id.* at 7.)

The parties were apprised of their opportunity to file specific objections to the Report on October 17, 2018. (*Id.* at 8.) On October 31, 2018, Plaintiff filed her Objection to the Report and argued that "the Magistrate Judge failed to appreciate that a lack of objective evidence in a fibromyalgia case does not preclude a finding of disability." (ECF No. 15 at 1-2.) Plaintiff takes issue with the ALJ and the Magistrate Judge for failing "to account for the subjective nature of [her] fibromyalgia." (*Id.* at 2.) Based upon this sole reason, Plaintiff urges the court to reject the Magistrate Judge's Report and remand the case for further administrative proceedings. (*Id.* at 4.) On November 14, 2018, the Commissioner replied in opposition to Plaintiff's Objection. (ECF No. 16.) The Commissioner maintains that Plaintiff's Objection "merely reargue[s] the issues raised by . . . her Brief" and does not find "any errors" in the Magistrate Judge's Report. (*Id.* at 1.) Therefore, the Commissioner requests that the court adopt the Magistrate Judge's Report and affirm her decision. (*Id.* at 1-2.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part,

the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

Plaintiff, essentially, makes one objection to the Magistrate Judge's Report. (ECF No. 15 at 1-4.) Plaintiff argues that the Magistrate Judge "failed to appreciate that a lack of objective evidence in a fibromyalgia case does not preclude a finding of disability." (*Id.* at 1-2.) Plaintiff submits that the Magistrate Judge "simply copied defense counsel's claims," and the ALJ "failed to account for the subjective nature of [Plaintiff's] fibromyalgia." (*Id.* at 3.)

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's

4

report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotations marks omitted)). *See also Derrick v. Berryhill*, No. 9:17-0323-TMC, 2018 WL 3434306, at *2 (D.S.C. July 17, 2018) ("[O]bjections to the magistrate judge's [r]eport are not a subsequent opportunity to reargue the merits of a case—they are an opportunity to demonstrate . . . particular errors in the magistrate judge's reasoning." (citations omitted)); *Butler v. Berryhill*, No. 4:16-cv-03209-JMC, 2018 WL 1556188, at *1 n.3 (D.S.C. Mar. 30, 2018) ("The court does not need to conduct a *de novo* review of objections presented in the form of '[complete statements] of arguments already made, . . . as these objections never cite specific conclusions of the [report] that are erroneous.'" (quoting *Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005))); *Jones v. Hamidullah*, No. 2:05–2736–PMD–RSC, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005).

In the instant case, the court has reviewed Plaintiff's Brief (ECF No. 10), Plaintiff's Objection (ECF No. 15), and the Report (ECF No. 14). After examining all of the pleadings, the court concludes that Plaintiff's Objection restates an argument that is already addressed by the Report. (*Compare* ECF No. 15 at 1-4, *with* ECF No. 14 at 5-7.) Moreover, Plaintiff's Objection is identical to an argument raised within her Brief. (*Compare* ECF No. 15 at 1-4, *with* ECF No. 10

at 29-32.) As such, a *de novo* review is unnecessary because Plaintiff has "failed to guide the [c]ourt towards [a] specific issue[] needing resolution . . . ." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). The court finds that the Report effectively addresses Plaintiff's Objection and is well-reasoned.[1] *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a magistrate's report in which the court concurred "with both the reasoning and the result"). As such, the court finds that the ALJ's decision was supported by substantial evidence. Therefore, the Report is adopted herein. *See Walls*, 296 F.3d at 290.

## IV. CONCLUSION

After a thorough review of Plaintiff's Objection (ECF No. 15) and the Magistrate Judge's Report (ECF No. 14), the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 14), incorporating it herein, and **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*
United States District Judge

November 28, 2018
Columbia, South Carolina

---

[1] Even if the court were to substantively consider Plaintiff's argument, it is wholly without merit. Plaintiff attempts to argue that the ALJ failed to consider her subjective reports of fibromyalgia, and the Report flies in the face of this court's precedents. (ECF No. 15 at 1-4.) Plaintiff's suggestion is simply not the case and cannot withstand scrutiny. As it relates to Plaintiff's fibromyalgia, the administrative record reveals that the ALJ considered her subjective view on numerous occasions and at different stages in his analysis. (*See* ECF No. 9-2 at 23-27.) The Report accurately notes that "unlike the cases relied upon by [Plaintiff], [the ALJ, in this case,] did not exclusively rely on the absence of objective medical evidence to evaluate [Plaintiff's] fibromyalgia." (ECF No. 14 at 7.) The court substantively agrees with the Magistrate Judge's Report.

6